FILED - USDC - FLMD - JAX
SEP 16 2026 PM10:52

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**DEREK A. NAZARIO,**
Plaintiff,

v.

**TESLA, INC.,**
Defendant.

Case No.: 3:26-cv-02403-JEP-PDB

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Derek A. Nazario, proceeding without counsel, sues Defendant Tesla, Inc. and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Derek A. Nazario is an individual who worked for Tesla at its Jacksonville, Florida service center and maintains the mailing address shown below.

2. Defendant Tesla, Inc. is an employer within the meaning of Title VII, the Americans with Disabilities Act ("ADA"), and the Family and Medical Leave Act ("FMLA"), and conducts business in this District. Tesla's payroll records identify the employing entity as Tesla Motors, Inc.; Plaintiff understands Tesla Motors, Inc. to be part of, or an operating name associated with, Tesla, Inc. Defendant may clarify the correct employing entity in its response.

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the ADA, 42 U.S.C. §§ 12101 et seq.; and the FMLA, 29 U.S.C. §§ 2601 et seq.

4. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under 28 U.S.C. § 1343.

5. Venue is proper in the Jacksonville Division because the relevant employment practices occurred at Tesla's Jacksonville service center and the employment records are maintained or administered in connection with that workplace. See 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff filed EEOC Charge No. 510-2025-11656 alleging discrimination based on sex and disability and retaliation. A copy is attached as Exhibit A.

7. The EEOC issued a Determination and Notice of Right to Sue dated June 16, 2026. Plaintiff received the notice on or about June 16, 2026. A copy is attached as Exhibit B.

8. This action is filed within ninety days after Plaintiff's receipt of the notice.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Tesla on February 12, 2024, as a service technician in Jacksonville, Florida.

10. Before the protected leave described below, Plaintiff received performance ratings of 4 out of 5 and positive written feedback.

11. Beginning in or about July 2024, male coworker David Salley subjected Plaintiff to unwelcome physical conduct of a sexual nature on approximately three occasions.

12. The conduct included touching Plaintiff's chest, squeezing or touching Plaintiff's nipple/chest area, touching Plaintiff's leg or inner-thigh area, and touching or rubbing Plaintiff's waist or body. Salley also commented favorably about Plaintiff's chest.

13. Plaintiff did not consent. He told Salley not to touch him and identified the conduct as sexual harassment.

14. On September 10, 2024, Plaintiff reported the conduct to Tesla in a contemporaneous written complaint. The complaint stated that Salley had touched his chest, leg, and waist; that Plaintiff told him to stop; and that the events caused anxiety, stress, and sleep problems.

15. Plaintiff later supplied HR investigator Elizabeth "Beth" Barratt with potential witness information and camera locations that Plaintiff believed could show relevant events.

16. According to Plaintiff's recollection, Barratt stated during Tesla's investigation that she did not need to review the cameras or contact every identified witness because she had enough information.

17. According to Plaintiff's recollection, Tesla HR also told him that he had misled or manipulated Salley because Plaintiff had previously complimented him, and treated the matter differently because both individuals were men.

18. Tesla had actual notice of Plaintiff's complaint. Plaintiff alleges that Tesla did not conduct a reasonably complete investigation or provide a prompt, effective corrective response.

19. When workplace discussion of the incident continued, Plaintiff raised the matter again. On or about January 2025, HR representative Lissy Cubas told Plaintiff, in substance, that he could be terminated if he or others continued to raise the incident.

20. Plaintiff has service-connected chronic PTSD associated with military sexual trauma. Tesla knew or was informed of that condition. The workplace events and Tesla's response aggravated his symptoms.

21. Tesla and its leave administrator approved Plaintiff for FMLA leave from March 4, 2025 through May 26, 2025. Plaintiff returned from that leave.

22. On July 29, 2025, Plaintiff again complained in writing about sexual harassment, Tesla's investigation, retaliation, and disability-related concerns.

23. Plaintiff requested that communications about the traumatic events occur in writing because live discussions triggered PTSD symptoms. He later reasserted that accommodation request and offered

to supply medical documentation.

24. Tesla Employee Relations canceled a live meeting and communicated by email, but stated that written communication had not been approved as a formal accommodation and referred Plaintiff to the ADA process.

25. On or about the first week of August 2025, Tesla communicated a performance rating of 3 out of 5 for the January–June 2025 review period. The written review later published in August 2025 reflected that rating.

26. The written review reported strong objective results, including approximately 96% labor productivity and 99% utilization, both above stated goals, and positive narrative feedback.

27. Plaintiff's manager, Angel Crispin, told Plaintiff, in substance, that Plaintiff's medical leave contributed to the lower rating.

28. Using protected medical leave as a negative factor in an evaluation harmed Plaintiff's employment standing and created a risk of reduced compensation and advancement.

29. Plaintiff requested disability-related workplace adjustments, including written communication about traumatic events and a reduced schedule. Plaintiff alleges that Tesla did not complete a good-faith interactive process or provide an effective accommodation before his condition again required leave.

30. Plaintiff's last day worked was August 29, 2025, and his second continuous leave began September 1, 2025. He remains employed and on leave.

31. Plaintiff has lost wages and employment benefits and has suffered emotional distress and other damages as a result of the acts alleged. The exact amount will be proven through records and discovery.

## COUNT I — TITLE VII HOSTILE WORK ENVIRONMENT / SEX DISCRIMINATION

32. Plaintiff incorporates paragraphs 1–31.

33. The repeated intimate touching was unwelcome and based on sex. Plaintiff subjectively perceived the conduct as abusive, and the nature and physical intimacy of the conduct were sufficiently serious to alter his working conditions.

34. Tesla had actual notice through Plaintiff's written complaint but, as alleged, failed to take a prompt and reasonably effective corrective response. Tesla's alleged same-sex distinction and victim-blaming support an inference of sex-based treatment.

35. Plaintiff suffered injury and damages as a result.

## COUNT II — TITLE VII RETALIATION

36. Plaintiff incorporates paragraphs 1–31.

37. Plaintiff engaged in protected activity by opposing and reporting conduct he reasonably believed violated Title VII, including the September 2024 report and July 2025 written escalation.

38. Tesla subjected Plaintiff to materially adverse actions, including the alleged threat of termination and the lower performance rating after his complaints and protected leave.

39. The timing, the alleged statements by HR and Plaintiff's manager, and the departure from Plaintiff's prior ratings support a causal connection.

40. Plaintiff suffered injury and damages as a result.

**COUNT III — FMLA RETALIATION / INTERFERENCE**

41. Plaintiff incorporates paragraphs 1–31.

42. Plaintiff was eligible for and used approved FMLA leave from March 4 through May 26, 2025.

43. Tesla was prohibited from using the taking of FMLA leave as a negative factor in an employment action.

44. After Plaintiff returned, Tesla lowered his rating from 4 to 3 despite above-goal objective metrics, and Crispin allegedly stated that the leave contributed to the lower rating.

45. Tesla thereby interfered with Plaintiff's FMLA rights and retaliated against him for exercising those rights, causing damages.

**COUNT IV — ADA FAILURE TO ACCOMMODATE**

46. Plaintiff incorporates paragraphs 1–31.

47. Plaintiff has PTSD that substantially limits major life activities, including concentrating, sleeping, thinking, communicating about trauma, and working under triggering conditions. Tesla knew of the disability and its work-related limitations.

48. While working in July and August 2025, Plaintiff requested reasonable adjustments, including written communication concerning the traumatic events and a reduced schedule, and offered to provide supporting medical documentation.

49. Plaintiff alleges that he could perform the essential functions of his position at that time with reasonable accommodation, but Tesla did not complete a good-faith interactive process or provide an effective accommodation.

50. Plaintiff suffered injury and damages as a result.

**COUNT V — ADA DISCRIMINATION AND RETALIATION**

51. Plaintiff incorporates paragraphs 1–31.

52. Plaintiff disclosed his disability, requested accommodation, and opposed disability discrimination—activities protected by the ADA.

53. The close timing between Plaintiff's July 29, 2025 protected activity, the rating communicated in early August 2025, and his ensuing leave, together with the alleged statements and record described above, supports an inference of discriminatory or retaliatory treatment.

54. Plaintiff suffered injury and damages as a result.

## PRAYER FOR RELIEF

Plaintiff requests judgment in his favor and the following relief to the extent authorized by law:

• A declaration that Defendant violated federal law;

• Appropriate equitable relief, including correction of employment records and appropriate accommodation or reinstatement to an equivalent position if necessary;

• Back pay, front pay or other lost compensation and benefits proved at trial;

• Compensatory damages and, where legally available, punitive or liquidated damages;

• Prejudgment interest, taxable costs, and any attorney's fees later permitted by law; and

• Any other relief the Court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on every issue so triable.

Dated: September 9, 2026

Respectfully submitted,

**Derek A. Nazario, Plaintiff pro se**
101 Rainbow Drive, #10346
Livingston, Texas 77399
Telephone: (862) 238-0004
Email: dereknazario@gmail.com

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**

EEOC

Florida Commission On Human Relations

**AGENCY CHARGE NO.**

510-2025-11656

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Derek A. Nazario

Phone No.: 862-238-0004

Year of Birth: 1989

Mailing Address: 12001 Abess BLVD Apt 1308

JACKSONVILLE, FL 32225

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Tesla, Inc.

No. Employees, Members: 501+ Employees

Phone No.: (512) 516-8177

Mailing Address: 1 Tesla Road

Austin, TX 78725, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 07/01/2024

Latest: 06/10/2026

Continuing Action

THE PARTICULARS ARE:

I am a disabled male. I have worked for Respondent since ________ as an Automotive Technician in Jacksonville, FL. My job entails replacing battery packs, diagnosing vehicles, and engaging with customers.

During my employment, starting in July 2024, I experienced sexual harassment by a male colleague, it included unwanted physical including touching my inner thigh, chest, and rubbing against my body, I reported the conduct to management and Human Resources via email. From September through November 2024, I was told that I could have misled my coworker; that my sexual orientation may have played a role in the situation; that the camera footage would not be reviewed; and that the circumstances were different because the individuals involved were male.

Starting in December 2024, I raised concerns that coworkers were discussing the incident and affecting my mental health, Respondent told me to that continuing to raise the matter could result in termination of my employment. Following these events, my mental health symptoms worsened. I disclosed my service-connected PTSD and related disabilities to Respondent and requested reasonable accommodations. There were disputes regarding my requests for reasonable accommodations, including

written communication in lieu of verbal communications and a reduced work schedule from forty hours to thirty hours per week. Prior to these requests I had received a four (4) on my performance evaluations. I also requested leave for ninety days and when I returned, I was rated to a three (3) in my performance due to taking leave. My treating provider continued to document functional limitations affecting concentration, stress tolerance, cognitive endurance, and reliability in a safety-sensitive position. Currently, I continue to seek resolution regarding the harassment complaint, retaliation concerns, disability-related issues, and resulting employment consequences.

I believe I am being discriminated against due to my disability, sex (male), and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and as applicable, other federal, state or local laws and statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Derek A. Nazario
06/12/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary______________________________

Printed Name ______________________________

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/16/2026

**To:** Derek A. Nazario
12001 Abess BLVD Apt 1308
JACKSONVILLE, FL 32225

Charge No: 510-2025-11656

EEOC Representative and email: MARILYN CADAVID
INVESTIGATOR
MARILYN.CADAVID@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2025-11656.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
06/16/2026

Evangeline Hawthorne
Director

**Cc:**
Stephanie Stroup
Sstroup@tesla.com

Julie McLaughlin
Julie@rwlawpllc.com

John Russell
John@rwlawpllc.com

NA NA
Tesla, Inc.
11650 Abess Blvd
Jacksonville, FL 32225

Please retain this Notice for your records.